UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES EDWARD BUHL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  3:24-CV-264-KAC-JEM |
| ) | |
| FNU ARTZ, FNU MATTHEWS, FNU ) | |
| MACKENSEY, FNU EVANS, FNU ) | |
| HENSLEY, FNU KACY, and SOUTHERN ) | |
| HEALTH PARTNERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff is a former inmate of the Anderson County Detention Facility ("ACDC"), who is currently incarcerated at the Turney Center Industrial Complex [*See* Docs. 1, 9]. He filed a (1) pro se complaint for violation of 42 U.S.C. § 1983 alleging that he received inadequate medical care while incarcerated at ACDC [Doc. 1], (2) motion for leave to proceed *in forma pauperis* [Doc. 2] with a trust fund account statement [Doc. 3], and (3) motion to appoint counsel [Doc. 4]. For the below reasons, the Court (1) **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2], (2) **DENIES** the motion to appoint counsel [Doc. 4], and (3) **DISMISSES** the Complaint for failure to state a claim.

I.   **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion for leave to proceed *in forma pauperis* and inmate trust account statement that he cannot pay the filing fee in one lump sum [*See* Docs. 2, 3]. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's Motion [Doc. 2].

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account **SHALL** submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order **shall** be placed in Plaintiff's prison file and follow him if he is transferred to another institution.

## II. MOTION TO APPOINT COUNSEL

Plaintiff also asks the Court to appoint counsel for him [Doc. 4]. Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." But "[a]ppointment of counsel in a civil case is not a constitutional right;" it is a privilege "justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (quoting *Mekdeci v. Merrell Nat'l Labs.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983)). A court determines whether "exceptional circumstances" exist based on the type and complexity of

the case and the plaintiff's ability to represent himself. *Id*. at 606; *see also Cavin v. Michigan Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d at 606).

Here, in support of his request for counsel, Plaintiff states that (1) "[he] is unable to afford counsel;" (2) "[his] imprisonment will greatly limit his ability to litigate" this action; (3) "[t]he issues involved are complicated [and] complex [and] will require significant research [and] investigation;" (4) "[he] has limited knowledge of the law;" and (5) counsel would be better able to conduct any trial [*See* Doc. 4 at 1-2]. But none of these reason, individually or collectively, warrant appointment of counsel. The allegations in this case are not legally or factually complex. Through his filings, Plaintiff has shown that he can present his claims cogently. And his other concerns are typical challenges for those conducting litigation from prison, not exceptional ones. Because Plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel, the Court **DENIES** his motion [Doc. 4].

### III. SCREENING OF COMPLAINT

#### A. Screening Standard

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal] Rule [of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To withstand PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678

3

(quoting *Twombly*, 550 U.S. at 570). Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. The Supreme Court has instructed that a district court should liberally construe pro se pleadings filed in a civil rights case and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     Background**

Liberally construing Plaintiff's Complaint, on October 28, 2023, Plaintiff placed a sick call regarding his left hand, and a doctor ordered medicine for him [Doc. 1 at 3]. However, on November 5, 2023, Nurse Artz informed Plaintiff that no order was placed for medicine [*Id.* at 4]. On March 25, 2024, Plaintiff placed a sick call, and a doctor put him on ibuprofen for three days starting April 1, 2024 [*Id.*]. On May 2, 2024, "Deputy Hensley told me [Plaintiff] they were waiting for the medicine" [*Id.*]. On May 8, 2024, "Nurse MacKensey told [Plaintiff] that she would look into the order [and] why it was taking so long" [*Id.*]. On May 13, 2024, a "Nurse said the medicine wouldn't be gotten" [*Id.*].

Plaintiff also experienced challenges obtaining desired medication for his "neck + shoulder" [*Id.*]. On March 14, 2024, Plaintiff was "given" Ibuprofen for three days for his "neck + shoulder" [*Id.*]. But on March 19, 2024, an unspecified person told Plaintiff he had to buy "meds" from commissary [*Id.*]. Plaintiff told "them" that he did not have money to buy Ibuprofen [*Id.*]. On May 4, 2024 he was placed on Ibuprofen for one week [*Id.*]. But on May 19, 2024, he was "Told to buy [Ibuprofen] from commissary," which he had no money to do [*Id.*]. On May 22, 2024, he was "Placed to see the Dr. that week," but on May 31, 2021, he was told by someone "to

4

be patient" and he "will be seen" [*Id.*]. He also alleges that "[i]t has been over 6 months with very little Medical Attention" [*Id.*].

Plaintiff sued Southern Health Partners, Nurse Artz, Nurse Mackensey, Deputy Hensley, Dr. Mathews, Nurse Kacy, and Nurse Evans [*Id.* at 1, 3]. As relief, Plaintiff requests "correct medical care," for the facility and its staff to be held "accountable for the way they treat inmates," placement in a different facility, and compensatory and punitive damages [*Id.* at 5].

## C. Analysis

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983. Plaintiff's allegations regarding medical care at ACDC after his conviction[1] implicate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Lawler as next friend of Lawler v. Hardeman Cnty., Tenn.*, 93 F.4th 919, 926 (6th Cir. 2024). As relevant here, an Eighth Amendment claim has an objective and subjective element. *See Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 315 (6th Cir. 2023). The objective element requires that the alleged deprivation "was serious enough to violate the Constitution." *See id.* (quoting *Griffith v. Franklin Cnty.*, 975 F.3d 554, 567 (6th Cir. 2020)). And the subjective element "requires a plaintiff to show that a defendant 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.* (alterations in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Thus, general allegations that "[i]t has been over 6 months with very little

---

[1] Plaintiff states in his Complaint that he is serving a sentence [Doc. 1 at 5]. And Tennessee Department of Correction records confirm that he was a convicted prisoner at all times relevant to his claims. *See* https://foil.app.tn.gov/foil/search.jsp (last accessed March 17, 2025).

5

Medical Attention," [*see* Doc. 1 at 4], are insufficient as a matter of law to state a claim. *See Helphenstine*, 60 F.4th at 315.

### 1. Defendants Kacy, Evans, and Southern Health Partners

As an initial matter, Plaintiff did not include any factual allegations in the Complaint against Defendants Nurse Kacy, Nurse Evans, or Southern Health Partners. Therefore, the Court cannot plausibly infer that any of these Defendants was personally involved in any violation of Plaintiff's constitutional rights such that any of these Defendants could be liable under Section 1983. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim). Accordingly, the Court **DISMISSES** any claims against them.

### 2. "Neck + Shoulder" Claim

Further, Plaintiff does not allege enough facts to permit the Court to plausibly infer that any remaining named Defendant 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety" related to Plaintiff's "neck + shoulder" and request for Ibuprofen [*See* Doc. 1]. The record shows that when Plaintiff was ordered to receive Ibuprofen, he received it [*See* Doc. 1 at 4]. *See Stewart v. Bailey*, No. 1:22-CV-1018, 2023 WL 236530, at *8 (W.D. Mich. Jan. 18, 2023) (holding that even a missed dose of medication does not give rise to constitutional claim). It was only after the orders ran out that he was told that he would need to purchase any Ibuprofen from the commissary [*See* Doc. 1 at 4]. And there are no facts in the Complaint that would allow the Court to infer that even when no order has been placed by a medical professional for Ibuprofen, the lack of Ibuprofen placed Plaintiff at a "substantial risk of serious harm." *See Helphenstine*, 60 F.4th at 315. Accordingly, the Court **DISMISSES** Plaintiff's "Neck + Shoulder" claim.

### 3. "Left Hand" Claim

Even presuming that Defendant Dr. Mathews prescribed medicine for Plaintiff's left hand and the medicine was not obtained by May 13, 2024, Plaintiff has failed to state an Eighth Amendment inadequate medical care claim against any of the remaining Defendants in this action. Start with Defendants Nurse Artz, Deputy Hensley, and Nurse Mackensey. Plaintiff alleges that these Defendants responded to Plaintiff's requests regarding the status of the medication for his hand [*See* Doc. 1 at 4]. However, he does not allege facts that would permit the Court to infer that any of them "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *See Helphenstine*, 60 F.4th at 315 (alterations in original) (quotation omitted). Accordingly, the Court cannot plausibly infer that Defendants Nurse Artz, Deputy Hensley, or Nurse Mackensey violated Plaintiff's Eighth Amendment rights.

The result for Defendant Dr. Mathews is the same. There are no express allegations against Dr. Mathews in the Complaint [*See* Doc. 1]. But even presuming that Dr. Mathews is the doctor who ordered medicine for Plaintiff on October 28, 2023, [s*ee* Doc. 1 at 3], that is not enough to state an Eighth Amendment claim. Again there are no facts in the Complaint that would permit the Court to infer that Dr. Mathews after prescribing the medication for Defendant's hand "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *See Helphenstine*, 60 F.4th at 315 (alterations in original) (quotation omitted). For example, the Complaint does not allege that Dr. Mathews knew Plaintiff did not receive the prescribed medication [*See* Doc. 1]. Nor does the Complaint allege that Dr. Mathews was charged with Plaintiff's ongoing care such that he could have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists." *See Helphenstine*, 60 F.4th at 315 (quotation omitted). And there are no facts that would permit the Court to infer that Dr. Mathews actually "dr[ew] the inference." *See id.*

7

Therefore, the Court **DISMISSES** Plaintiff's "Left Hand" claim. Because the Complaint fails to state a claim against any named Defendant, the Court **DISMISSES** this action.

IV.   **CONCLUSION**

As set forth above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed in forma pauperis [Doc. 2];

2. The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. The Court **DENIED** Plaintiff's motion to appoint counsel [Doc. 4];

6. Even liberally construing the Complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under Section 1983; and

7. Accordingly, the Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

**SO ORDERED.**

**ENTER:**

                                               /s/ Katherine A. Crytzer
                                               KATHERINE A. CRYTZER
                                               United States District Judge